**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **RICARDO NOAIN,** | § | **CIVIL ACTION NO. 18-1303** |
| **on behalf of himself and a class of those** | § | |
| **similarly situated,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **COLLECTIVE ACTION** |
| | § | |
| **RITRAN, INC., dba International** | § | |
| **House of Pancakes,** | § | |
| | § | |
| **Defendant.** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT – COLLECTIVE ACTION

This is an action for unpaid wages brought under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201 *et seq*. This action is brought by Plaintiff Ricardo Noain, a server formerly employed by Defendant, who operates a restaurant under the name International House of Pancakes ("IHOP") in Rockwall, Texas. Plaintiff also brings this action as a collective action under the FLSA on behalf of a class of an estimated 180 or more other similarly situated servers formerly and currently employed by Defendant ("Class Members").

### NATURE OF SUIT

1.      The FLSA requires employers to pay employees a minimum wage of at least $7.25 per hour. 29 U.S.C. § 206(a). For tipped employees, employers may take a "tip credit" of up to $5.12 per hour of the employee's tips toward their minimum wage obligations. 29 U.S.C. § 203(m)(2). The FLSA prohibits employers from paying their tipped employees *nothing* and

instead forcing its employees to rely exclusively on their tips for their compensation. *See id.* (setting forth the maximum amount of tips that may be counted toward minimum wages).

2.      Furthermore, an employer may *only* take advantage of this tip credit where it has provided notice to the tipped employee of the employer's obligations under the tip credit provision, and where the tipped employee retains all tips earned. *Id.* If an employer violates either of these provisions, it loses its right to avail itself of the tip credit and must pay the employee the full minimum wage of $7.25 per hour. *See id.*

3.      The FLSA also requires that, when an employee works in excess of 40 hours in a workweek, the employee be compensated at one-and-a-half times their regular rate of pay. 29 U.S.C. § 207(a). Tipped employees, like other employees, are entitled to overtime compensation, though an employer may take a tip credit of up to $5.12 per hour for overtime hours. *See* 20 C.F.R. § 531.60.

4.      Defendant violated the minimum wage provisions of the FLSA as to Plaintiff and Class Members by failing to compensate them at all for many of their hours worked (by directing them to work "off the clock" and deleting hours from time records). Defendant further violated the minimum wage provisions of the FLSA by paying them less than the minimum wage but failing to notify them of the requirements under the tip credit provision, and by failing to allow them to retain all of the tips that they earned, in violation of 29 U.S.C. § 203(m)(2).

5.      Defendant violated the overtime provisions of the FLSA by failing to pay Plaintiff and Class Members the required overtime rate during weeks in which they worked over 40 hours.

6.      Accordingly, Plaintiff and Class Members seek unpaid minimum wages, unpaid overtime wages, liquidated damages, and attorney's fees.

## JURISDICTION AND VENUE

7.     Plaintiff brings this case to recover unpaid compensation under 29 U.S.C. §201, *et seq*.  This Court therefore has jurisdiction over Plaintiff's and the Class Members' FLSA claims pursuant to 28 U.S.C. §1331.

8.     Venue is proper in the Dallas Division of the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1391(b) as all or a substantial part of the acts or omissions giving rise to Plaintiff's and the Class Members' causes of action occurred in or around Rockwall County, Texas, which is in this District and Division.

## THE PARTIES

9.     Plaintiff RICARDO NOAIN is an individual residing in Dallas County, Texas. Plaintiff has consented to the filing of this action for violations of the FLSA. (*See* Exhibit "A.")

10.     Defendant RITRAN, INC. d/b/a International House of Pancakes is a Texas for-profit corporation which may be served with process by serving its registered agent, Heath P. Grob, at 106 N. 2nd Street, Rockwall, Texas 75087.

## COVERAGE UNDER THE FLSA

11.     Defendant's food service operation is an enterprise engaged in commerce whose gross annual volume of sales exceeds, and has for all times relevant to this action exceeded, $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

12.     As Defendant's employees, Plaintiff and the Class Members were engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of 29 U.S.C. § 203.

13.     Defendant has, at all times relevant to this action, employed servers and other workers who performed food service related duties, including but not limited to preparing and serving food, cleaning the premises of the locations, and operating the cash register. Defendant's food service operation therefore is, and has been for all times relevant to this action, an enterprise that has, at any given time, employed more than two employees who handle and work with goods that have been moved in or produced for commerce.

14.     Throughout their employment with Defendant, Plaintiff and Class Members handled goods or materials that had been moved in or produced for commerce, including, but not limited to, food, flatware and silverware, and cleaning supplies. As a result, Plaintiff and Class Members were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1).

## FACTUAL ALLEGATIONS

15.     Plaintiff worked as a server for Defendant at its IHOP restaurant in Rockwall, Texas from approximately May 2012 until approximately May 7, 2018.

16.     Defendant recruited, hired, and employed Plaintiff to work as a server in the restaurant.

17.     At all times relevant to this action, Defendant's gross annual volume of sales has been between $500,000 and $1,500,000.

18.     Plaintiff brings this complaint individually and on behalf of all tipped employees who worked for Defendant as servers at the IHOP restaurant located at 2616 Ridge Road, Rockwall, Texas 75087 at any time within three years prior to the filing of this Complaint. Plaintiff and the Class Members are similarly situated in that they performed the same or similar job duties as one another in that they worked as, and performed the duties of servers in, Defendant's IHOP

restaurant. In addition, Plaintiff and Class Members were subjected to the same unlawful pay practices and policies, as described herein.

19.     At all times relevant to this action, Plaintiff and Class Members performed substantially similar work for Defendant in Rockwall County, Texas. Responsibilities included taking customers' orders, serving food and beverages, and cleaning.

20.     Throughout the period relevant to this action, Defendant regularly required Plaintiff and Class Members to perform "off the clock" work during most of their shifts by directing them to work while clocked out. In addition, Defendant regularly altered Plaintiff's and Class Members' time records in most work weeks, deleting hours that they worked, and paying them on the basis of the altered records reflecting reduced hours. As a result, Defendant failed to pay Plaintiff and Class Members the required minimum wage for all hours worked.

21.     Throughout the period relevant to this action, Defendant further violated the minimum wage provisions of the FLSA by paying Plaintiff and Class Members less than the minimum wage of $7.25 per hour, but failing to meet the requirements to avail itself of the tip credit provision, 29 U.S.C. § 203(m)(2).

22.     Specifically, Defendant did not provide Plaintiff or Class Members with notice of the requirements of the tip credit provision, as required to take the tip credit under the FLSA.

23.     In addition, Defendant did not allow Plaintiff or Class Members to retain all of their tips, as further required to take the tip credit, by, for example, requiring that Plaintiff and Class Members pay customers' bills out of their tips when the customer failed to pay, and failing to pay Plaintiff and Class Members the tips they earned that were left by customers on credit cards when the credit card transaction was not finalized until the following day.

24.     Furthermore, throughout the period relevant to this action, Defendant regularly violated the overtime provisions of the FLSA. Plaintiff regularly worked in excess of 40 hours each week. Although Plaintiff's schedule has varied during this period, Plaintiff generally works seven days per week, and generally works nine to ten hours per day. Class Members' schedules range from part time to full time, but many work or worked between 40 and 60 hours per week.

25.     In each workweek in which Plaintiff and Class Members worked in excess of 40 hours, however, they were not paid the required overtime premium of one-and-a-half times their regular hourly rate for hours they worked in excess of 40. Instead, hours in excess of 40 were deleted from Defendant's time records, and Plaintiff and Class Members were not paid at all by Defendant for these hours.

26.     At all times relevant to this action and as a matter of economic reality, Defendant employed Plaintiff and Class Members within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and 203(g). For example, at all material times, Defendant possessed the authority to hire and fire Plaintiff and Class Members, trained and supervised them, and set policies including scheduling, timekeeping, payroll, and disciplinary practices.

27.     At all times relevant to this action, Defendant failed to maintain complete and accurate records of Plaintiff's and the Class Members' hours of work and compensation as required by the FLSA.

28.     At all times relevant to this action, Defendant knowingly, willfully, or with reckless disregard, carried out their illegal pattern or practice of failing to pay the required minimum wage and overtime compensation due to Plaintiff and the Class Members.

## FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage – Individual Plaintiff)

29.     The above-described actions by Defendant violated Plaintiff's right to the minimum wage under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for which he is entitled to relief pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### (FLSA Minimum Wage – Class)

30.     The above-described actions by Defendant violated the Class Members' right to the minimum wage under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for which they are entitled to relief pursuant to 29 U.S.C. § 216(b).

## THIRD CLAIM FOR RELIEF
### (FLSA Overtime – Individual Plaintiff)

31.     The above-described actions by the Defendant violated Plaintiff's overtime pay rights under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for which he is entitled to relief pursuant to 29 U.S.C. § 216(b).

## FOURTH CLAIM FOR RELIEF
### (FLSA Overtime – Class)

32.     The above-described actions by the Defendant violated the Class Members' overtime pay rights under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for which they are entitled to relief pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all Class Members, pray that this Court:

A.     Designate this action as a collective action on behalf of the Class, order issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Class apprising them

of the pendency of this action and of their right to join this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.     Designate Plaintiff as Representative of the Class;

C.     Award Plaintiff (and all who may join this suit) unpaid minimum wage and overtime compensation, and an equal amount of liquidated damages;

D.     Award Plaintiff (and all who may join this suit) reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

E.     Award Plaintiff (and all who may join this suit) Post-Judgment interest, as provided by law; and

F.     Award Plaintiff (and all who may join this suit) such other and further relief as this Court deems just and proper.

Respectfully submitted,

EQUAL JUSTICE CENTER

By:  s/ Shana Khader
        Shana Khader
        Texas State Bar No. 24099860
        1250 West Mockingbird Lane, Suite 455
        Dallas, Texas 75247
        Tel.: (469) 228-4233
        Fax: (469) 941-0861
        skhader@equaljusticecenter.org

        Philip J. Moss
        Texas State Bar No. 24074764
        8301 Broadway Street, Suite 309
        San Antonio, Texas 78209
        Tel.: (210) 308-6222, ext. 102
        Fax: (210) 308-6223
        pmoss@equaljusticecenter.org

        ATTORNEYS FOR PLAINTIFF