UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RICARDO NOAIN,** on behalf of himself and a class of those similarly situated, | § § § § | CIVIL ACTION NO. 3:18-CV-1303-K |
| Plaintiff, | § § | |
| v. | § § | COLLECTIVE ACTION |
| **RITRAN, INC., dba International House of Pancakes,** | § § § § | |
| Defendant. | § | |

## JOINT MOTION FOR MODIFICATION OF CONDITIONAL CERTIFICATION ORDER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Ricardo Noain ("Plaintiff" or "Noain"), individually and on behalf of a class of similarly situated individuals, and Defendant Ritran, Inc. d/b/a/ International House of Pancakes ("IHOP") (together, the "Parties") file this Joint Motion for Modification of the Court's Order dated August 28, 2018 granting conditional certification of this matter as a collective action and directing that notice be mailed to potential class members (Doc. No. 16, the "Certification Order"). The Parties would show the following:

### I.   BACKGROUND

Plaintiff Noain, a former server at IHOP, initiated this action on behalf of himself and a class of similarly situated individuals, alleging that IHOP did not pay them the minimum wage and overtime pay to which they were entitled under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). IHOP denies Plaintiff's allegations and maintains that it properly paid its servers in accordance with the FLSA.

On August 28, 2018, the Court entered an Order conditionally certifying this matter as a collective action and defining the class as "All current and former servers employed by IHOP at 2616 Ridge Road in Rockwall, Texas for the past three (3) years" (the "Class Members").[1] The Court directed IHOP to provide Plaintiff's Counsel with a list of Class Members, and that Plaintiff's Counsel send the Class Members an approved Notice of their right to join the current suit via mail. The Court denied Plaintiff's request for Class Members' telephone numbers to facilitate notice, but indicated that Plaintiff could petition the Court for additional contact information should notice by mail prove ineffective.

The Parties have complied with the Court's Order, and Plaintiff's Counsel mailed the approved Notices to Class Members on September 18, 2018. To date, Plaintiff's Counsel have identified twelve (12) Class Members who have not received notice of their right to join this action because their mailed Notices were returned as undeliverable (the "Sub-Class Members").

## II.     REQUEST FOR MODIFICATION OF THE CERTIFICATION ORDER

The Parties have conferred on how to address the issue of lack of notice to the Sub-Class Members. Accordingly, the Parties jointly request modification of the Certification Order to allow additional contact as follows:

1.     Within seven days of the Court's Order granting this Joint Motion, Defendant's Counsel shall provide Plaintiff's Counsel with the last known telephone numbers contained in IHOP's files, if any, for the Sub-Class Members.

2.     Within fourteen (14) days of the Court's Order, Plaintiff's Counsel may attempt to contact each of the Sub-Class Members twice by telephone using the Agreed Call Script, included in Exhibit A.

---

[1] *See* Doc. No. 16.

3. If the Sub-Class Member does not answer the telephone and the Sub-Class Member has a working voicemail, Plaintiff's Counsel may leave a voicemail, subject to the Agreed Voicemail Script, included in Exhibit A.

4. If the Sub-Class Member indicates to Plaintiff's Counsel that they wish to receive the approved Notice and Consent Form, Plaintiff's Counsel shall send the approved Notice and Consent Form to the Sub-Class Member by the means requested by the Sub-Class Member.

5. Any Sub-Class member who wishes to opt into this current lawsuit must return a Consent Form, postmarked or received by Plaintiff's Counsel, no later than twenty-one (21) days from the Court's Order.

6. Within twenty-eight (28) days of the Court's Order, Plaintiff's Counsel shall file any signed Consent Forms received from the Sub-Class Members with the Court.

7. The Parties will conduct a scheduling conference, as described in their Joint Report (Doc. 13, at 2), no later than December 17, 2018.

## CONCLUSION

The Parties respectfully request that the Court modify its Certification Order as described above to attempt to ensure notice of this lawsuit is made to all Class Members.

Respectfully submitted,

*/s/ Shana Khader*

**Shana Khader**
Texas Bar No. 24099860
1250 W. Mockingbird Lane Suite 455
Dallas, TX 75247
Tel: (469) 228-4226
Fax: (469) 941-0861
skhader@equaljusticecenter.org
**EQUAL JUSTICE CENTER**

**ATTORNEY FOR PLAINTIFF**

AND

*/s/ Kimberly S. Moore*
**KIMBERLY S. MOORE**
State Bar No. 00784629
kim.moore@clarkhillstrasburger.com
**TOLU O. BABADE**
State Bar No. 24091231
tolu.babade@clarkhillstrasburger.com

**CLARK HILL STRASBURGER**
2600 Dallas Parkway
Suite 600
Frisco, Texas 75034
(469) 287-3900
(469) 287-3999 Fax

**ATTORNEYS FOR DEFENDANT
RITRAN INC., d/b/a International House of Pancakes**

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2018, a copy of the foregoing document was electronically filed. Notice of this filing will be sent to all counsel of record by operation of the Court's Electronic Filing System.

*s/ Shana Khader*

## EXHIBIT A

**Agreed Call Script**

This is _____, calling from the Equal Justice Center. We represent a group of servers who worked for IHOP in Rockwall, Texas. We have been authorized by the Court to send you a notice to review. The initial notice we sent to you was returned as undeliverable. May we send you a new notice? If yes, how would you like for us to send it to you?

**Agreed Voicemail Script**

This is _____, calling from the Equal Justice Center. We represent a group of servers who worked for IHOP in Rockwall, Texas. We have been authorized by the Court to send you a notice to review. The initial notice we sent to you was returned as undeliverable. If you would like for us to send you a new notice, please call (469) 228-4233 to provide your current mailing address no later than [17 days after the Court's Order on the current motion].